(No. 3124— )

JOHN F. FORD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

JOSEPH W. KOUCKY, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant was employed as a guard at the Chicago State Hospital, at Dunning, Illinois. On August 27, 1937 one of the patients made an attack on one of the institution doctors. Claimant went to the latter's aid and in attempting to restrain the patient, the latter struck him over the hands with a shovel. Treatment was given claimant at the hospital and X-rays of his left hand revealed a fracture of the second metacarpal bone of the left hand in its middle third with some over-riding of the distal fragment. The right hand was swollen. Claimant's left hand was placed in a cast and while in the cast claimant again hurt his hand and the swelling made the cast so painful that claimant removed same. Dr. Goldstein, of the institution staff, then placed claimant's left hand in a banjo splint. No definite evidence of bony pathology was disclosed with respect to the right hand by the X-ray. By reason of the overlapping of the bones in the left hand, the index finger has been shortened about one-half inch. There is a lump on the back of the hand and claimant cannot grip tightly because the index finger will not close tightly in the palm of the hand. A part of the present condition of the left hand is due to the premature removal of the cast by the plain-

tiff himself, and there is nothing in the record to show the circumstances under which he incurred the later injury which caused him to remove the cast. However, the testimony of both Dr. Goldstein and Dr. Adams substantiates the plaintiff's claim as to injury from the accident that arose out of and in the course of his employment at the hands of an inmate of the institution. The testimony in the record supports a finding of thirty (30) per cent total permanent disability of the left hand, and twenty (20) per cent permanent partial disability of the right hand. In his duties as a gardener claimant used sharp-edged cutting tools, and as an attendant he had the care of dangerous patients of the institution. His employment was within the terms of the Workmen's Compensation Act and his injury is compensable under that Act. He was an unmarried man and was receiving a salary of Sixty-three ($63.00) Dollars per month plus maintenance valued at Twenty-four ($24.00) Dollars per month, or an annual wage of One Thousand Forty-four ($1,044.00) Dollars. His average weekly wage therefore was Twenty and 08/100 ($20.08) Dollars. Under the provisions of Sub-paragraph 12, Sub-section (e) of Section 8 and Sub-paragraph 17 of the same Section of the Workmen's Compensation Act claimant is entitled to compensation as follows:

For thirty (30) per cent partial loss of use of the left hand, fifty (50) per cent of his average weekly wage for 51 weeks ............................................$ 512.04

For twenty (20) per cent partial loss of use of the right hand, fifty (50) per cent of his average weekly wage for 34 weeks ............................................ 341.36

Total ............................................$ 853.40

Said award is payable on the basis of weekly payments of Ten and 04/100 ($10.04) Dollars per week. As the accident occurred the 27th day of August, 1937, payment for fifty-four (54) weeks will have accrued by September 10, 1938, in the sum of Five Hundred Forty-two and 16/100 ($542.16) Dollars. This amount should be paid to claimant at the present time and future payments made to him on the basis of Ten and 04/100 ($10.04) Dollars per week for a period of thirty-one (31) weeks, commencing September 17, 1938 and continuing until the further sum of Three Hundred Eleven and 24/100 ($311.24) Dollars has been paid to him.

An award is therefore hereby made in favor of claimant for the sum of Eight Hundred Fifty-three and 40/100 ($853.40) Dollars, payable as follows:

Five Hundred Forty-two and 16/100 ($542.16) Dollars for compensation accrued to September 10, 1938, and monthly payments thereafter covering a period of thirty-one (31) weeks, commencing on September 17, 1938 and continuing until the further sum of Three Hundred Eleven and 24/100 ($311.24) Dollars has been paid.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensatio nClaims of State Employees and Providing for the Method of Payment Thereof," Approved July 3, 1937 (Sess. Laws 1937 p. 83), and being, by the terms of such act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the General Revenue Fund in the manner provided for in such act.